IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                    PLAINTIFF

v.                              CIVIL ACTION NO. 1:21-cv-178-HSO-RHWR

CHRISTOPHER WRAY, *et al*                                        DEFENDANTS

REPORT AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE

This matter is before the Court *sua sponte* to consider the [1] Complaint filed by Plaintiff Joel B. Attia. For the reasons that follow, the undersigned recommends that Plaintiff Joel B. Attia's [1] Complaint be dismissed with prejudice as frivolous, or in the alternative, that this case be dismissed for failure to comply with an Order of the Court.

I. BACKGROUND

On May 25, 2021, pro se Plaintiff Joel B. Attia ("Plaintiff" or "Attia") filed a [1] Complaint against Christopher Wray, Jerome Lorraine, FBI Government, Unknown [President] Biden, David Jackson, Randy Neil, Paul Really, Jerry Minchew, Steve Havard, Tommy Dutton, Tommy Stringfellow, Delilah Sayre, and Darlene MacLamore Elhers. Compl. [1] at 2-4. Attia alleges that Nvidia created a "patented weapon" that is used in cameras all over the world and in "our" houses. *Id*. at 8-9. This camera purportedly sees through clothes, reads minds, and emits a high frequency that messes with the human brain and nervous system, causes internal organs to shake, and disrupts senses of taste and smell. *Id*. Attia also alleges that

this camera has been placed inside Attia's body. In relief, Attia seeks "pain and suffering and mental hurt." *Id.* at 7.

Attia's Complaint purports to invoke both federal question jurisdiction and diversity of citizenship jurisdiction. *See id. at* 2-4. According to the Complaint, the grounds for the existence of federal question jurisdiction are "I have patented a weapon, 8th Amendment right proof terrorism, letting this go on as the FBI knows David Jackson put it in me." *Id.* at 5 [all sic in original]. As grounds for diversity of citizenship jurisdiction, Attia's Complaint asserts that he is a citizen of the State of Alabama, despite sending the Complaint from a Mississippi address, and that Christopher Wray is a citizen of Washington D.C. *Id.* The other Defendants are listed as citizens of Washington, D.C., Mississippi, and "unknown." *Id.* at 2-4. Attia alleges that the amount in controversy is "25 trillion." *Id.* at 6.

On June 9, 2021, the Court provisionally granted Attia's [2] Motion for Leave to Proceed in forma pauperis. *See* Order [3]. The Court directed Attia to file an amended complaint demonstrating why his claims should not be dismissed for lack of subject-matter jurisdiction, failure to state a claim, and as factually frivolous. Order [3] at 13. The Court also directed Attia to show cause in writing why he should not be sanctioned for engaging in vexatious litigation. The [3] Order was mailed to Attia at his address of record.

On June 17, 2021, Attia submitted a [4] Letter to the Court, making similar allegations and statements as those provided in his Complaint. However, the letter

failed to address any of the issues raised in the Court's [3] Order. Attia has never filed an amended complaint.

## II. DISCUSSION

This lawsuit is another in a litany of suits Attia has brought raising similarly strange and outrageous allegations. *See Attia v. Jackson et al.*, Civil Action No. 1:20-cv-211- LG-RPM; *Attia v. Nvidia Corp. et al.*, 1:20-cv-343-HSO-JCG; *Attia v. Martin, et al.*, Civil Action No. 1:21-cv-90-LG-JCG; *Attia v. Wray*, Civil Action No. 1:21-cv159-RPM; *Attia v. Huang*, Civil Action No. 1:21-cv-179-TBM-RPM; *Attia v. Isle of Capri, et al.*, Civil Action No. 1:21-cv-177-HSO-RPM. In fact, Plaintiff's history of raising similar frivolous allegations against a random assembly of these same defendants resulted in District Judge Louis Guirola, Jr., banning Attia from filing any future lawsuits without the Court's prior approval. *See Attia v. Martin, et al.*, Civil Action No. 1:21-cv-90-LG-JCG. The Court's sanction order applies prospectively and was issued after Plaintiff filed the instant Complaint.

A district court may dismiss a complaint filed IFP if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional" or when they "rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Upon review, the undersigned concludes that Plaintiff's instant Complaint should be dismissed with prejudice as frivolous. Plaintiff's assertion that a Nvidia patented weapon has been placed in cameras or lightbulbs all over the world and in unidentified people's houses that emit low frequencies and thereby cause Plaintiff harm falls within the category of fantastic and delusional allegations. As does Plaintiff's assertion that a supercomputer has been planted in his body. In fact, Courts have dismissed similar claims by Plaintiff as factually frivolous. *See Attia v. Wray*, Civil Action No. 1:21-cv-159-RPM; *Attia v. Martin*, Civil Action No. 1:21-90-cv-LG-JCG; *Attia v. Hard Rock Casino*, Civil Action No. 1:20-cv-332-RPM; *Attia v. Jackson*, Civil Action No. 1:20-cv-211-LG-RPM; *Attia v. Isle of Capri, et al.*, Civil Action No. 1:21-cv-177-HSO-RPM. Therefore, consistent with these other rulings, the undersigned recommends that Plaintiff's [1] Complaint be dismissed with prejudice as well.

Moreover, the Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. Plaintiff has not complied with the Court's order to file an amended complaint, nor

has he complied with the order to show cause. Accordingly, Plaintiff's failure to comply with the Court's [3] Order, as he has in numerous other cases, further justifies dismissal of this suit.

## III.  <u>RECOMMENDATION</u>

The undersigned United States Magistrate Judge recommends that Plaintiff Joel B. Attia's [1] Complaint be dismissed with prejudice as frivolous. In the alternative, the undersigned recommends that this case be dismissed for failure to comply with an Order of the Court.

## IV. <u>NOTICE OF THE RIGHT TO OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which

he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     **SIGNED,** this the 16th day of May 2022.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE